UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOLOMON DANHI,

        Plaintiff,

vs.                          Case No.  2:03-cv-628-FtM-99DNF

CHARLOTTE   COUNTY   SHERIFF'S
DEPARTMENT, GAYLE DILALLA, M.D.,
CHARLOTTE   REGIONAL   MEDICAL
CENTER, JOHN DOES 1-8, UNITED
STATES OF AMERICA,

        Defendants.
_____

## OPINION and ORDER

This matter comes before the Court upon Defendant Charlotte County Sheriff's Department Motion to Dismiss Complaint filed September 26, 2005 (Doc. #29), and Charlotte Regional Medical Center's Dispositive Motion for Judgment on the Pleadings or in the Alternative, Summary Judgment filed December 28, 2006 (Doc. #32).  Plaintiff was advised twice to respond to Defendants' respective dispositive motions and advised of the provision of Fed. R. Civ. P. 56.  See Docs. #13 and #31, Orders dated November 24, 2004 and October 26, 2005, respectively.  As of the date of this Opinion and Order, Plaintiff has filed no response to either dispositive motion and the time for doing so has long expired. This matter is now ripe for review.

I.

Plaintiff Solomn Danhi, ("Plaintiff" or "Danhi") proceeding *pro se* and *in forma pauperis* and while incarcerated at the Federal Correctional Institution located at Lompoc, California, initiated this action by filing a civil compliant alleging violations of the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 1346(b), the Civil Rights Act, 42 U.S.C. § 1983, and state-law medical negligence claims against Defendants Charlotte County Sheriff's Department, Gayle Dilalla, M.D., Charlotte Regional Medical Center, John Does 1-8, and the United States of America. Plaintiff alleges jurisdiction based on 28 U.S.C. §1331, federal question, and  28 U.S.C. §1332, diversity.

According to the Complaint, on or about May 31, 2002, after being sentenced on federal charges, U.S. Marshals transferred Danhi to the Charlotte County Jail.  On June 14, 2002, while confined in Charlotte County Jail, Danhi began experiencing gastrointestinal distress.  Plaintiff's Complaint, p. 5.  On June 20, 2002, Danhi was transferred to Charlotte Regional Medical Center.  There, hospital staff diagnosed Danhi with a kidney infection and recommended certain diagnostic testing.  Id. at p. 7.  After returning to Charlotte County Jail, the jail's medical officials refused to administer the diagnostic tests recommended by hospital officials and Danhi's condition began to worsen.  Id. at p. 9.  On June 26, 2002, Danhi was taken back into federal custody where he was examined by medical officials and diagnosed

with kidney stones and a kidney infection, treated and "eventually recovered." Id.

The Complaint consists of three separate causes of action. The first cause of action, directed against Defendants Dr. Dialla, Charlotte County Sheriff's Department, John Does 1-8, and Charlotte Regional Medical Center, raises Eighth Amendment violations for the Defendants' deliberate indifference to Plaintiff's serious medical condition. The second cause of action, directed against Defendants Dr. Dialla, Charlotte County Sheriff's Department, John Does 1-8, and Charlotte Regional Medical Center, raises state tort claims for medical malpractice and negligence. The third cause of action, directed against the United States of America, is premised on the FTCA.

On February 1, 2006, the Court dismissed Defendant Dr. Dialla without prejudice pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to effectuate service of process. (Doc. #33.) On February 10, 2006, the Court granted the United States of America's Motion for Summary Judgment. (Doc. #34.) Judgment was entered in favor of the United States of America on February 13, 2006. (Doc. #35.) Consequently, Counts I and II of Plaintiff's Complaint remain pending against Defendants Charlotte County Sheriff's Department, John Does 1-8, and Charlotte Regional Medical Center. Plaintiff seeks $500,000 in compensatory and $500,000 in punitive damages against each of the Defendants, jointly and severally. Complaint, p. 14.

Defendant Charlotte County Sheriff's Department seeks dismissal of Plaintiff's Complaint on the grounds that Plaintiff's Complaint fails to state a cause of action because the Charlotte County Sheriff's Department is not *sui juris*; and, thus is not capable of being sued.  Defendant Charlotte Regional Medical Center seeks summary judgment on the grounds that Plaintiff failed to comply with Florida's medical malpractice pre-suit requirements.  For the reasons set forth below, the Court will grant Defendants' respective dispositive motions.

## II.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Eleventh Circuit imposes a "heightened pleading requirement" only for § 1983 cases asserted against individuals who are entitled to assert the defense of qualified

-4-

immunity.  <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834 (11th Cir. 2004)(citing <u>Leatherman v. Tarrant County</u>, 507 U.S. 163 (1993)).  When applicable, the heightened pleading standard requires the complaint to contain "relevant facts with some specificity."  <u>Dalrymple v. Reno</u>, 334 F.3d 991, 996 (11th Cir. 2003).

A dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  <u>Marsh</u>, 268 F.3d at 1036 n.16.  The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed.  <u>Trawinski v. United Techs.</u>, 313 F.3d 1295, 1297 (11th Cir. 2002).

A judgment on the pleadings may be granted when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  <u>Cannon v. City of West Palm Beach</u>, 250 F.3d 1299, 1301 (11th Cir. 2001).

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is

sufficient evidence such that a reasonable jury or the factfinder at trial could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

**III.**

**A.   Defendants John Does 1-8**

At the outset, the Court finds that Plaintiff's Complaint must be dismissed against the unidentified Defendants referred to as "John Does 1-8."   The Complaint identifies the John Does 1-8 as:

> various health care providers, doctors, nurses, physician assistants, guards, administrators and/or others employed at CCJ [Charlotte County Jail] that committed acts complained of herein and whose identities are as yet unknown.

Complaint, ¶ 12.   The Federal Rules of Civil Procedure do not explicitly allow plaintiffs to designate unknown individuals in complaints.   There is, however, no general prohibition against this practice.   See, e.g., Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 390 n.2 (1971).   Courts have recognized, however, that fictitious parties eventually must be dismissed if discovery fails to yield their identities.   See Kemper Ins. Co. v. Federal Express Corp., 115 F. Supp. 2d 116, 125 (D. Mass. 2000), aff'd, 252 F.3d 509 (1st Cir.), cert. denied, 534 U.S. 1020 (2001)(collecting cases).   Here, plaintiff has apparently not determined the identity of these defendants because he has not sought to substitute the names of real people for the John Does.

Even if Plaintiff has learned the true identities of these eight unnamed defendants through discovery, he would not now be permitted to amend his Complaint to substitute the proper parties

for the unnamed defendants.  In all section 1983 actions, the state limitations statute governing personal injury claims is applied.  See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in FLA. STAT. § 95.11(3).  Now naming any of the eight unidentified defendants would not relate back to the date Plaintiff initiated his action in this Court.  Gilliam v. Smart, 809 So. 2d 905 (Fla. 1st DCA 2002); Wayne v. Jarvis, 197 F.3d 1098, 1102-04 (11th Cir. 1999), cert. denied, 529 U.S. 1115 (2000)(finding that a pro se inmate's amendment to a § 1983 complaint arising from a beating by fellow inmates, to replace "John Doe" deputy sheriffs with specifically-named defendants, constituted a change in the parties sued, and thus, in the absence of a showing of mistake concerning the identity of the proper parties,[1] the amended complaint did not relate back to the original complaint, so as to avoid a statute of limitations bar).

As stated above, the allegations in Plaintiff's Complaint concern events that allegedly occurred no later than June 26, 2002.  Because Plaintiff's claims against the eight unnamed defendants are clearly barred by the statute of limitations, and

---

[1] Clearly, "lack of knowledge regarding the identities of the deputy sheriffs [is] not 'a mistake concerning the identity of the proper party.'"  Wayne v. Jarvis, 197 F.3d at 1103 (quoting Fed. R. Civ. P. 15(c)(3))(footnote omitted).

-8-

it would be futile to give Plaintiff the opportunity to identify and serve the proper parties, John Does 1-8 will be dismissed from this action *sua sponte.*[2]

## B.   Defendant Charlotte County Sheriff's Department

Liberally construing Plaintiff's Complaint, the Complaint alleges an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition against unspecified "medical staff" and "correctional officers" employed at the Charlotte County Jail.   In particular the Complaint states:

> medical staff at CCJ . . . ignored Plaintiff's Complaints (Complaint, ¶22);

> medical staff . . . failed to timely make the necessary arrangements (Id. at ¶24);

> medical staff . . . failed to provide the Plaintiff with proper medication (Id. at ¶27);

> correctional staff member . . . allowed officers to ignore Plaintiff's emergency calls (Id. at ¶29);

> medical staff . . . ignored Plaintiff's request to see a doctor (Id. at ¶32);

> correctional officers . . . refused Plaintiff's requests to be transported back to the hospital (Id. at ¶¶41-42).

---

[2] Normally a court may not dismiss a complaint *sua sponte* without giving a plaintiff notice of the proposed action and affording him an opportunity to address the issue.   However, the Eleventh Circuit has noted that "reversal of a *sua sponte* dismissal without notice may not be 'mandated if amendment [of the complaint] would be futile or if it is patently obvious that the plaintiff could not prevail.'"   Byrne v. Nezhat, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001) (quoting Wyatt v. City of Boston, 35 F.3d 13, 15 n.1 (1st Cir. 1994)).   As noted above, it would be futile to give Plaintiff the opportunity to amend his complaint to name the eight unidentified defendants since the statute of limitations has expired with respect to the claims against them.

Charlotte County Sheriff's Department ("CCSD") moves to dismiss Plaintiff's Complaint on the basis that CCSD is not *sui juris*. In the alternative, CCSD argues that the Complaint attributes liability to CCSD under the doctrine of *respondeat superior*, and as such must nonetheless be dismissed.

The Charlotte Sheriff's Department is not a legal entity and, therefore is not capable of being sued. <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992). Sheriff departments and police departments are not considered legal entities subject to suit. <u>Id.</u> Rather, the "capacity to sue or be sued shall be determined by the law of the state in which the district court sits." Fed. R. Civ. P. 17(b). To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong doing. Here, Plaintiff should have brought his action against William Cameron, the Sheriff of Charlotte County. Art. VIII, § 1(d), Fla. Const. (The Sheriff is the constitutional officer elected by the people).

Even when the Court liberally construes the Complaint as properly naming the Sheriff of Charlotte County (as opposed to the Sheriff's Department), it must still subject be dismissed. It is clear from the allegations in the Complaint that the Sheriff did not in any way directly participate in the alleged constitutional deprivation. Plaintiff expressly attributes liability against the

-10-

Sheriff solely on the basis of his supervisory position. "Defendant CCSD is responsible for training and properly supervising its employees." Complaint, ¶57.  The Sheriff's supervisory position, without more, does not subject him to liability.  Mondell v. Dept. of Soc. Servs., 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978);  McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004);  LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189 (1994).  Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct so as to render the Sheriff liable in his official capacity.  Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant v. State, 111 F. Supp. 2d 1326 (S.D. Fla. 2000).

Viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against Defendant CCSD, or alternatively against the Sheriff of Charlotte County in either his personal or official capacity, under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint.  Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).  Therefore, the Complaint has failed to state a cognizable claim against CCSD and this defendant will be dismissed.

C.    **Charlotte Regional Medical Center**

The Complaint alleges a negligence malpractice claim against Defendant Charlotte Regional Medical Center ("CRMC") and bases federal jurisdiction upon diversity.[3]  With respect to CRMC, the Complaint makes the following allegations:

> Defendant Charlotte Hospital, after examining Plaintiff and ordering diagnostic tests failed to follow-up and ensure compliance.  Complaint, ¶39.

> Defendant Charlotte Hospital is liable for damages caused by professional negligence of its employees committed during the course and scope of their employment.  Id. at ¶58.

CRMC seeks summary judgment of Plaintiff's Complaint on the grounds that Plaintiff failed to comply with the presuit investigation and notification requirements of Chapter 766, Florida Statutes.  Chapter 766 sets out an elaborate procedure that must be satisfied before a litigant can bring a medical negligence claim in court.

> The statute was intended to address a legitimate legislative policy decision relating to medical malpractice and established a process intended to promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding.

_____

[3]Plaintiff claims diversity based upon the fact that he is incarcerated in California. Jurisdiction may be established where the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States. 28 U.S.C. § 1332(a)(1).  "'A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.'" Mitchell v. Brown & Williamson Tobacco Corp., 294, F3d 1309, 1314 (11th Cir. 2002)(quoting Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F2d 977 (5th Cir. 1974)); Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006).  Although Plaintiff was indicted and convicted in Florida, it appears from a review of the case dockets (Nos. 8:01-cr-236-SCB and 8:01-cr-464-SCB) that Plaintiff was previously living in California, with his family.

Kukral v. Mekras, 679 So. 2d 278 (Fla. 1996).  In particular, a claimant is required to conduct an investigation to ascertain if reasonable grounds exist to proceed with a malpractice action and acquire corroboration of such grounds by obtaining a verified medical expert opinion.  FLA. STAT. § 766.203(2).  Prior to commencing litigation, the claimant must first provide each defendant by certified mail, return receipt requested, of his intent to initiate litigation. FLA. STAT. § 766.106(2)(a). The notification to a defendant must include, *inter alia*, a copy of the verified expert medical opinion. Id.  Florida's presuit requirements are "not jurisdictional but rather are conditions precedent to the bringing of a medical malpractice action." Clark v. Sarasota County Public Hosp. Bd., 65 F. Supp. 2d 1308 (M.D. 1998), aff'd, 190 F.3d 541 (11th Cir. 1999).  If a litigant has not complied with the presuit investigation requirements prior to filing his action, the court is directed to dismiss the action. Id. (citing FLA. STAT. § 766.206(2)).

Defendant CRMC submitted the Affidavit of Denise Barnett, Risk Manager at Charlotte regional Medical Center, dated December 19, 2005 ("Barnett Aff.").  This Affidavit reports that CRMC has no records or evidence in their files of ever receiving a notice of Intent to Initiate Medical Negligence Litigation or any supporting medical experts affidavits from Plaintiff.  Barnett Aff. at ¶5.  CRMC first became aware of Plaintiff's claims on or about December 7, 2004, when CRMC was served with a Summons and

Complaint in this action.  Id. at ¶6.  Plaintiff does not assert that he complied with Florida's statutorily mandated presuit investigation requirements.

Federal jurisdiction for this claim is based on diversity of citizenship, and the forum state is Florida.  Thus, the Court must first determine whether Florida's statutorily mandated presuit investigation requirements are procedural or substantive for Erie R.R. Co. v. Tompkins[4] purposes.  McMahan v. Toto, 256 F.3d 1120, 1131 (11th Cir. 2001).  "If the matter is procedural then federal law will apply; but if the matter is substantive, then [the Court] will apply the law of the forum state."  Id. (citing Erie, 304 U.S. at 78 (a federal court sitting in diversity applies state substantive law)); see also Sphinx Int'l, Inc. v. National Union Fire Ins., 412 F.3d 1224, 1227 (11th Cir. 2005).

Based upon relevant case law, the Court finds that the Florida Medical Malpractice Statutes are substantive in nature. Woods v. Holy Cross Hospital, 591 F.2d 1164 (5th Cir. 1979)[5]; Clark, 65 F. Supp. 2d 1308.  Based upon the factual record, it is undisputed that Plaintiff failed to comply with Florida's presuit investigation requirements, and consequently the Court will dismiss the action against CRMC.

Accordingly, it is now

---

[4]304 U.S. 64 (1938).

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**ORDERED:**

1.    The Complaint is **DISMISSED** as to all eight unidentified John Does 1-8 defendants.

2.    Defendant Charlotte County Sheriff's Department Motion to Dismiss Complaint (Doc. #29) is **GRANTED**, and Plaintiff's Complaint is dismissed as to Charlotte County Sheriff's Department.

3.    Charlotte Regional Medical Center's Motion for Judgment on the Pleadings or in the Alternative, Summary Judgment (Doc. #32) is **GRANTED** to the extent that the Complaint is dismissed.

3.    The **Clerk of Court** shall enter judgment (1) dismissing the case as to Defendant Charlotte Regional Medical Center; (2) dismissing the eight unidentified defendants, John Does 1-8, and Defendant Charlotte County Sheriff's Department; and (3) dismissing Defendant Dialla pursuant to the February 1, 2006 Order (Doc. #33).  The Clerk shall terminate any pending motions and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __3rd__ day of August, 2006.


_____
JOHN E. STEELE
United States District Judge


SA:   hmk
Copies: All Parties of Record

-15-